Opinion issued July 14, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00533-CV

_____

**BRYANNA MALLET, Appellant**

**V.**

**FRESH CHOICE CAFE CORPORATION, Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1207275**

---

## MEMORANDUM OPINION

This is an appeal from a take-nothing final summary judgment rendered against Appellant Bryanna Mallet in her suit for damages from a slip-and-fall incident. Mallet sued Appellee Fresh Choice Cafe Corporation for premises liability.

Mallet alleged that she was a customer in Fresh Choice's restaurant when she slipped and fell on a wet floor and sustained injuries.

Fresh Choice moved for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i),[1] asserting that Mallet had no evidence of causation. The trial court granted Fresh Choice's no-evidence summary judgment motion. Because the summary-judgment record contains more than a scintilla of evidence raising a genuine issue of material fact on causation, we reverse and remand.

## BACKGROUND

Mallet sued Fresh Choice for premises liability, alleging that she slipped and fell on a wet floor at its restaurant on March 22, 2023. As discussed in greater detail below, Mallet submitted medical records, accompanied by business-record affidavits authenticating the records. The records reflect that Mallet sought hospital treatment on March 22, 2023, for what she described as head, back, and arm pain, and that, in the days and weeks that followed, Mallet underwent chiropractic, outpatient, and pain-management treatment for ongoing symptoms.

Fresh Choice moved for no-evidence summary judgment, asserting there was no evidence of causation. In her response, Mallet disagreed. Mallet pointed to

---

[1] The Texas Supreme Court recently amended Texas Rule of Civil Procedure 166a. *See* Order, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). The Court specified that "[t]he amendments apply only to a motion for summary judgment filed on or after March 1, 2026." *Id.* Fresh Choice filed its motion for summary judgment before that date, and we apply the version of Rule 166a in effect at the time of the filing.

medical records on file, arguing that they offered evidence of causation. She additionally pointed the trial court to her expert disclosures.[2]

The trial court ultimately granted the no-evidence motion and signed an interlocutory summary judgment ordering Mallet take nothing on her premises-liability claim. Mallet moved for reconsideration and attached excerpts from the medical records on file that she argued established causation. The trial court denied reconsideration. After Fresh Choice nonsuited its counterclaim, the trial court rendered a final take-nothing judgment disposing of all claims. Mallet appealed.

## DISCUSSION

Because the summary-judgment record contains more than a scintilla of competent evidence raising a genuine issue of material fact on causation, we reverse and remand.

### A.     Standard of Review.

We review a trial court's no-evidence summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Malone v. Harden*, 668 S.W.3d 39, 43 (Tex. App.—Houston [1st Dist.] 2022, no pet.).

---

[2]     Fresh Choice objected that Mallet's expert disclosures were defective and noncompliant with Texas Rule of Civil Procedure 195.5. On that basis, Fresh Choice argued that the expert testimony (and medical records, which Fresh Choice labels as expert testimony) were not admissible evidence. The trial court did not rule on that objection.

After adequate time for discovery, a party may move for summary judgment contending that there is no evidence of one or more essential elements of the nonmovant's claims, upon which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Malone*, 668 S.W.3d at 42–43. The motion must state the elements as to which there is no evidence. TEX. R. CIV. P. 166a(i).

Once the movant files a proper motion, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *See id.*; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Malone*, 668 S.W.3d at 43.

"A no-evidence motion will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Lozada v. Posada*, 718 S.W.3d 262, 266 (Tex. 2025) (quoting source omitted).

"Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *Id.* (citation modified and quoting source omitted). Conversely, more than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting source omitted). In conducting

4

our review, we consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To defeat a no-evidence motion for summary judgment, the nonmovant is not required to marshal its proof; his response need only point to evidence that raises a fact issue on the challenged element. *State v. $3,774.28 in U.S. Currency*, 713 S.W.3d 381, 388 (Tex. 2025).

## B. Legal Backdrop.

To prevail on a premises-liability claim, an invitee plaintiff like Mallet must prove that:

> (1) the owner had actual or constructive knowledge of the condition at issue;
>
> (2) the condition was unreasonably dangerous;
>
> (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and
>
> (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries.

*United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022).

Fresh Choice moved for no-evidence summary judgment on only causation. Thus, we consider only whether the summary-judgment record contains more than a scintilla of evidence that Fresh Choice's alleged failure to use reasonable care to

reduce or eliminate an unreasonable risk of harm *proximately caused* Mallet's injuries.

Proximate cause involves cause in fact and foreseeability. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). The test for cause in fact is whether the act or omission at issue was a substantial factor in causing the injury without which the harm would not have occurred. *Id.*; *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). As to cause-in-fact, in a personal injury case, the plaintiff must put forth evidence establishing two causal links: (1) that the defendant's failure to exercise reasonable care caused the occurrence, and (2) that the occurrence caused the plaintiff's injuries. *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015) ("Establishing causation in a personal injury case requires a plaintiff to 'prove that the conduct of the defendant caused an event and that this event caused the plaintiff to suffer compensable injuries.'" (quoting source omitted)); *see also Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984) (in personal injury cases generally, plaintiff must prove that "the defendant's conduct caused an event—an automobile accident, a fall, or in this case, the release of chemical fumes—and that this event caused the plaintiff to suffer injuries for which compensation in damages should be paid").

Foreseeability, in turn, "means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for

others." *Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting source omitted). All that is required for foreseeability is that the "general danger, not the exact sequence of events that produced the harm, be foreseeable." *Id.*

Accordingly, in response to Fresh Choice's no-evidence summary judgment motion, Mallet was required to produce some evidence that Fresh Choice's alleged failure to reduce or eliminate an unreasonable risk of harm was a substantial factor in causing Mallet's fall and the resulting injuries, and that the risk of such injuries was foreseeable.

C.     **Mallet produced more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element of causation.**

Mallet produced more than a scintilla of evidence to raise a fact issue on the causation element of her premises liability claim.

Mallet directed the trial court to her medical records on file. As an initial matter, we note that these medical records are competent summary judgment evidence for purposes of this appeal. Fresh Choice takes the position that Mallet's expert disclosures were deficient and noncompliant with Rule 195.5 and that, as a result, causation opinions contained in her medical records were not competent summary-judgment evidence. Fresh Choice objected in the trial court to the medical-record evidence on these bases. But the record contains no ruling on Fresh Choice's objections to the medical-record evidence. Texas law is clear that,

7

"[w]ithout both an objection *and a ruling*, the complained-of evidence remains part of the summary judgment record and should be considered by the court of appeals in reviewing the trial court's judgment." *FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 837 (Tex. 2022) (emphasis added). So we proceed, considering the medical record evidence.[3]

Cause-in-fact.

The summary judgment record contains more than a scintilla of evidence on cause-in-fact, *i.e.*, that Fresh Choice's alleged failure to reduce or eliminate an unreasonable risk of harm was a substantial factor in causing Mallet's fall and the resulting injuries. Again, only causation is at issue in this appeal. And the evidence is sufficient for these purposes to link from a causal perspective both Fresh Choice (and its alleged action or inaction at issue in this premises liability claim) to the fall and the fall to the injuries.

First, the fall and Fresh Choice. The medical records offer evidence that, on March 22, 2023, Mallet reported to medical professionals that she very recently (that

---

[3] Fresh Choice also argues that Mallet impermissibly required the trial court to search through and locate causation evidence within the medical records on file, and that, on this basis, the medical records constitute no evidence. On this record, considering the documents at issue, we disagree. *See $3,774.28 in U.S. Currency*, 713 S.W.3d at 392 (explaining that "trial and appellate courts are not required to sift through a voluminous file in search of evidence to support the nonmovant's argument that a fact issue exists," then concluding that reference to 44-page affidavit, without more specificity, was acceptable (quoting source omitted)).

same day) slipped on a wet floor at Fresh Choice's location and fell backward onto a stone floor, hitting her back and head. The evidence identifies both the location of the fall at Fresh Choice and the wet-floor condition as the cause of the fall. *See McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903–04 (Tex. 1980) (proximate cause may be established by direct and circumstantial evidence and reasonable inferences that may be drawn therefrom); *see also Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297 (Tex. 1983) (evidence that invitee slipped on grape and fell raised fact issue for jury of whether absence of nonskid mat or other preventative measure was cause in fact of invitee's fall).

As to the fall and Mallet's alleged injuries, the medical records document that Mallet presented to the emergency department on the day of the fall complaining of pain in her back, head, and right arm, as well as a headache. She was discharged with diagnoses of "neck muscle spasm" and "back strain" and was given follow-up care instructions.

Subsequent records show continued complaints of upper-back pain, low-back pain, left-shoulder pain, right-ankle pain, headaches, dizziness, nausea, blurred vision, fatigue, and forgetfulness. And on March 30th—approximately a week after the fall—Irish Bautista, APRN, NP-C, diagnosed Mallet with "post-traumatic headache," "blurred vision," "pain in left shoulder," "pain in right ankle and joints

9

of right foot," "low back pain," "thoracic pain," "nausea," "short-term memory loss," "dizziness/light-headedness," and fatigue.

Importantly, in the medical records, Bautista opined that Mallet's "injuries and symptoms" were the "direct result" of the March 22, 2023 incident:

> It is my professional medical opinion, to a reasonable degree of medical probability, that Bryanna Mallet injuries and symptoms is the direct result of the incident on or around 3/22/2023. My professional opinion is based on the patient's complaints, my clinical examinations, objective findings, and any diagnost studies. All recommendations for Bryanna and medical bills incurred are reasonable necessary to diagnose and treat Bryanna Mallet.
>
> Provider Signature
>
> Irish Bautista, APRN, NP-C
> 3/30/2023

Similarly, Mallet's chiropractor, Nathan Nguyen, opined that Mallet's injuries were the "proximate result" of the March 22, 2023 incident:

> Due to the patient's complaints, my clinical exams, objective findings, diagnostic studies, and any additional records in patient's file, it is my professional opinion, to a reasonable degree of medical/chiropractic probability, that Ms. Mallet's injuries were the proximate result of the accident sustained on 3/22/2023. All procedures performed on Ms. Mallet and medical bills incurred are reasonably necessary to diagnose and treat Ms. Mallet. The treatments were either performed by myself or at my direction to my staff. Patient is to return if medically necessary.
>
> Reviewed and discussed the findings of the re-evaluation with the patient. Released the patient into the care of the specialist. Recommended that the patient follow up with the specialist and return for further therapy, if necessary. Provided the patient with a home exercise program to assist with the management of symptoms and conditions.

The question at this stage is not whether Mallet has proven causation. It is whether the summary-judgment evidence amounts to more than a scintilla—whether it rises above mere surmise or suspicion such that reasonable and fair-minded jurors could differ in their conclusions. *See Lozada*, 718 S.W.3d at 266. Here, the evidence suffices for that purpose.

A reasonable juror could credit the medical records, which reflect that Mallet slipped on a wet floor at Fresh Choice's premises, experienced immediate pain and related symptoms, sought prompt medical treatment, and was later assessed by providers who opined that her injuries were the result of the March 22, 2023 fall. This summary-judgment record contains causation opinions from treating providers, together with contemporaneous complaints and diagnoses following the fall. Viewed in the light most favorable to Mallet, the chronology reflected in the records supports a logically traceable connection between the fall at Fresh Choice and her complained-of injuries. *See Guevara v. Ferrer*, 247 S.W.3d 662, 667–69 (Tex. 2007) (lay and circumstantial evidence may support causation when sequence of events logically connects occurrence and complained-of condition); *Morgan*, 675 S.W.2d at 733 (evidence established "sequence of events from which the trier of fact may properly infer, without the aid of expert medical testimony, that the release of chemical fumes from the typesetting machine caused [plaintiff] to suffer injury").

Our Court has found similar evidence sufficient to raise a genuine issue of material fact on causation. *See, e.g.*, *Ramirez v. Colonial Freight Warehouse Co., Inc.*, 434 S.W.3d 244, 251–53 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (reversing no-evidence summary judgment because plaintiff's immediate complaints of pain and soreness combined with medical records constituted more than a scintilla of evidence of causation).

Foreseeability.

The evidence likewise raises a fact issue on foreseeability. As an initial matter, we note that, in a premises-liability case, the foreseeability analysis overlaps for duty and proximate cause. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010).[4]

"Foreseeability asks 'what should reasonably be anticipated in the light of common experience applied to the surrounding circumstances.'" *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 537 (Tex. 2025) (quoting source omitted). Texas law has long defined foreseeability in proximate-cause terms as whether a person of ordinary intelligence should have anticipated the danger created by the conduct, and the inquiry is a practical one grounded in "common experience," not hindsight or an extraordinary chain of events. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

The evidence in this record, including that Mallet slipped on a wet floor at Fresh Choice's restaurant, permits a reasonable inference—sufficient to surpass the no-evidence summary judgment motion at issue—that her fall and resulting injury were foreseeable consequences of the condition (the wet floor at issue). *See McClure*, 608 S.W.2d at 903–04 (proximate cause may be established by direct and

---

[4] Fresh Choice did not challenge the duty element in its no-evidence motion for summary judgment. Duty is not at issue in this appeal.

12

circumstantial evidence and reasonable inferences that may be drawn therefrom). As above, the question before us is not whether a jury would rule in Mallet's favor. It is whether, when viewed in the light most favorable to Mallet, there is more than a scintilla of evidence on her side. And for these purposes, the record supports a reasonable inference that the wet restaurant floor presented a foreseeable risk that an invitee may slip, fall, and suffer bodily injury.

Texas courts have recognized that "wet floors can pose an unreasonably dangerous condition." *Jefferson Cnty. v. Akins*, 487 S.W.3d 216, 226–28 (Tex. App.—Beaumont 2016, pet. denied) (listing cases and concluding that "there is more than a scintilla of evidence supporting the jury's finding and that reasonable and fair-minded people could reach the conclusion that the floor was wet or damp and that a wet or damp tiled floor posed an unreasonable risk of harm"); *see also Farrar*, 362 S.W.3d at 701, 703–04 (evidence that "it was reasonably foreseeable that an improperly painted wheelchair ramp could be slippery under any weather conditions and that a person entering and exiting the building could be injured if they slipped" together with evidence that invitee slipped was sufficient to raise fact issue on causation); *Towers of Town Lake Condo. Ass'n, Inc. v. Rouhani*, 296 S.W.3d 290, 297 (Tex. App.—Austin 2009, pet. denied) (recognizing that surface that becomes "slippery when wet is a dangerous condition" that presents foreseeable risk of injury).

Viewing the evidence in the light most favorable to Mallet, this record contains more than a scintilla of evidence that Fresh Choice's alleged failure to use reasonable care with respect to the wet-floor condition was a substantial factor in causing Mallet's fall and resulting injuries, and that the risk of such injury was foreseeable. Because that evidence raises a genuine issue of material fact on proximate cause, summary judgment was improper. *See* TEX. R. CIV. P. 166a(i); *Ramirez*, 434 S.W.3d at 251–53; *Farrar*, 362 S.W.3d at 703–04.

## CONCLUSION

We hold that Mallet produced more than a scintilla of evidence raising a genuine issue of material fact on causation. The trial court therefore erred in granting Fresh Choice's no-evidence motion for summary judgment. We reverse the trial court's final judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Jennifer Caughey
Justice

Panel consists of Justices Gunn, Caughey, and Morgan.

14